# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 2 C 6596 | **DATE** | 4/29/2003 |
| **CASE TITLE** | Irwin Chaikin vs. Fidelity and Guaranty Life | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, motion [4-1] is granted in part and denied in part. Counts III and IV are hereby dismissed. Discovery is to proceed on Counts I and II under the supervision of Magistrate Judge Mason.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAY 01 2003 date docketed | 9 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | | |
| | Copy to judge/magistrate judge. | | | |
| TSA | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IRWIN CHAIKIN, | ) |
| Plaintiff, | ) No. 02 C 6596 |
| v. | ) Wayne R. Andersen<br>) District Judge |
| FIDELITY AND GUARANTY LIFE<br>INSURANCE COMPANY, a Maryland<br>corporation, | ) |
| Defendant. | ) |

DOCKETED
MAY 0 1 2003

## MEMORANDUM OPINION AND ORDER

This case is before the Court on defendant, Fidelity and Guaranty Life Insurance Company's ("Fidelity"), motion to dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). For the reasons stated below, the motion to dismiss is granted in part and denied in part.

## BACKGROUND

In his complaint, plaintiff Irwin Chaikin ("Chaikin") asserts four claims against defendant Fidelity: 1) breach of contract; 2) negligent misrepresentation; 3) fraudulent misrepresentation; and 4) a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.* All of these claims arise out of Chaikin's contract with Fidelity for a single premium annuity contract worth $1 million.

On or about November 27, 2000, Chaikin received an offer by facsimile from ECA Marketing, Inc., an agent of Fidelity, proposing the sale of a single premium annuity. (Complaint, ¶ 4.) On November 29, 2000, the day before Fidelity's quote expired, Fidelity



informed Chaikin that the monthly benefit he would receive under the annuity was erroneously calculated by nearly $2,000 a month too much. (Def's Motion to Dismiss, p. 1.) Despite the mistake, Fidelity agreed to honor the quote if Chaikin purchased the annuity before the offer's original expiration on November 30, 2000. (Complaint, ¶ 6.) Chaikin accepted the offer on November 30 and Fidelity issued the annuity in accordance with its offer. (*Id.* at ¶ 8.)

In February 2002, Chaikin received a 2001 Gross Distribution Form 1099-R, which differed from the 1099-R Forms he had received in previous years. (*Id.* at ¶ 9-10.) The February 2002 1099-R Form differed in that it provided a 4% exclusion ratio instead of the 75% exclusion ratio stated in the contract. (*Id.*) The difference in exclusion ratios meant that Chaikin would have to pay income tax in 2001 on $194,150.84 in taxable income instead of $50,774.28. (*Id.*) Chaikin objected to the 4% 1099-R Form, which prompted Fidelity to issue another one providing for an exclusion ratio of 44%. This new 1099-R Form still yielded a decreased after-tax benefit from the annuity than the 75% originally predicted by Fidelity in its contract with Chaikin. (*Id.*) On May 8, 2002, Fidelity advised Chaikin that the correct exclusion ratio was 44%. On or about July 10, 2002, Chaikin, through counsel, demanded that Fidelity honor the terms of the annuity contract by guaranteeing an amount of return equivalent to the benefits Chaikin would have received with an exclusion ratio of 75%. (Complaint, ¶ 13.)

Chaikin alleges that Fidelity breached its contract by failing to provide him with the after-tax benefit he expected to receive when he accepted Fidelity's offer. (*Id.* at ¶ 15.) Chaikin also alleges negligent representation on the part of Fidelity because Fidelity knew or should have known the exclusion ratio in the annuity offer was incorrect and he relied on the incorrect exclusion ratio of 75% to his detriment. (*Id.* at ¶ 19-20.) In addition, Chaikin alleges that Fidelity fraudulently misrepresented an exclusion ratio of 75% with knowledge of the falsity.

(*Id.* at ¶ 23). Lastly, Chaikin alleges that Fidelity violated the Illinois Consumer Fraud and Deceptive Business Practices Act by inducing Chaikin to accept the annuity contract by falsely representing the net after-tax benefit. (*Id.* at ¶ 30).

## DISCUSSION

In ruling on a motion to dismiss, the Court must normally accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Szumny v. Am. Gen. Fin., Inc.*, 246 F.3d 1065, 1067 (7th Cir. 2001). The purpose of a motion to dismiss is not to decide the merits of the challenged claims but to test the sufficiency of the complaint. *Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524 n. 1 (7th Cir. 1996). A court will grant a motion to dismiss only if it is impossible for the plaintiff to prevail under any set of facts that could be proven consistent with the allegations. *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000).

When a plaintiff also alleges fraud, the Federal Rules require that "the circumstances constituting fraud be pled with particularity." Fed.R.Civ.P. 9(b). In order to adequately plead a claim based on fraud, the plaintiff must plead the "who, what, where, when and how" of the alleged circumstances surrounding the fraud. *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

### I. Breach of Contract and Negligent Misrepresentation

Chaikin has sufficiently pled both his breach of contract and negligent misrepresentation claims to survive Fidelity's motion to dismiss. To state a claim for breach of contract under Illinois law, a plaintiff must allege that: (1) a contract existed; (2) plaintiff performed his contractual obligations; (3) defendant breached the contract; and (4) plaintiff suffered damages because of that breach. *Industrial Hard Chrome, Ltd. v. Hetran, Inc.*, 994 F.

Supp. 2d 741, 745 (N.D. Ill. 1999). In his complaint, Chaikin alleged that a contract between himself and Fidelity existed and that Chaikin performed his obligations under that contract when he paid Fidelity $1 million for the annuity. Furthermore, Chaikin has alleged that Fidelity breached the contract by failing to adhere to its quoted exclusion ratio and that he suffered damages from the breach as a result of the increase in taxable income he was forced to report to the Internal Revenue Service. Thus, Chaikin has sufficiently pled each element required for an action for breach of contract.

Count II is a negligent misrepresentation claim. To state a claim for negligent misrepresentation under Illinois law, a plaintiff must allege: (1) a duty to plaintiff; (2) a breach of that duty; and (3) injury proximately resulting from such a breach. *Flowers v. ERA Unique Real Estate Inc.*, 227 F. Supp. 2d 998, 1000 (N.D. Ill. 2002). First, Chaikin alleged that Fidelity had a duty to communicate to him "accurate and correct information about the financial benefits of its single premium annuity." (Complaint, ¶ 18.) Second, Chaikin has alleged that Fidelity breached that duty by providing an incorrect exclusion ratio in the contract. (*Id.* at ¶ 19.) Further, Chaikin alleged that Fidelity "knew or should have known the exclusion ratio stated in the Annuity offer was incorrect but negligently represented to Chaikin that his return would be based upon an exclusion ration of 75%." (*Id.*) Finally, Chaikin alleged that he was damaged by that breach by having to report a higher amount of taxable income. (*Id.* at ¶ 21.) Accepting these allegations as true, Chaikin has sufficiently plead the requisite elements of a negligent misrepresentation claim. Therefore, Fidelity's motion to dismiss the breach of contract and negligent misrepresentation claims is denied.

## II. Fraudulent Misrepresentation and the Illinois Consumer Fraud and Deceptive Business Practices Act

Count III of Chaikin's complaint alleges fraudulent misrepresentation. To assert a claim for fraudulent misrepresentation, a plaintiff must allege: "(1) that the defendant made a statement; (2) of a material nature; (3) which was untrue; (4) known by the person making it to be untrue, or made in culpable ignorance of its truth or falsity; (5) relied on by the victim to his detriment; (6) made for the purpose of inducing reliance; and (7) the victim's reliance led to his injury." *General Electric Credit Auto Lease, Inc. v. Jankuski*, 177 Ill. App. 3d 380, 383, 532 N.E.2d 361 (1st Dist. 1988). The elements of fraudulent misrepresentation are substantially similar to those of negligent misrepresentation except the required mental state of fraudulent misrepresentation is more stringent. *Board of Educ. of the City of Chicago v. A.C. & S. Inc.*, 131 Ill.2d 428, 452, 546 N.E.2d 580 (1989). Included in a fraudulent misrepresentation claim is a requirement that the defendant must have intentionally made the false statement at issue. *Jankuski*, 177 Ill. App. 3d at 383.

In addition to satisfying the state law elements for fraudulent misrepresentation, Chaikin must also meet the heightened federal pleading requirements imposed by Rule 9(b). In other words, Chaikin must plead the "who, what, where, when and how" of the alleged circumstances surrounding the fraud. *DiLeo*, 901 F.2d at 627. Chaikin has failed to allege with specificity the element that Fidelity knew that the quoted exclusion ratio was false at the time it submitted an offer to Chaikin. In his complaint, Chaikin alleges that Fidelity "knew or should have known that a 'Rated Age' exclusion ratio on the Annuity offer presented to Chaikin was false." (Complaint, ¶ 25.) The "knew or should have known" standard, however, states a claim for negligence and not fraud. Although Chaikin alleges that Fidelity, "with knowledge of the falsity,

5

induced Chaikin" to enter into the annuity contract, he has failed to provide the who, what, where, and when of Fidelity's alleged fraudulent state of mind. (*Id.* at ¶ 23.) Thus, Chaikin's failure to plead his fraud claim with specificity requires the dismissal of his fraudulent misrepresentation claim.

Count IV of Chaikin's complaint alleges a violation of section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act ("Illinois Consumer Fraud Act"). *See* 815 ILCS 505/2. To assert a claim under the Illinois Consumer Fraud Act, a plaintiff must allege: "(1) a deceptive act or unfair practice; (2) an intent by defendant that plaintiff rely on the deception; and (3) the deception occurred during trade or commerce." *Tudor v. Jewel Food Stores, Inc.*, 288 Ill. App. 3d 207, 209, 681 N.E.2d 6 (1st Dist. 1997). A cause of action under the Illinois Consumer Fraud Act must also comport with Rule 9(b)'s heightened pleading standards. In his complaint, Chaikin alleges that Fidelity "deceptively induced Chaikin into entering into an Annuity contract," (Complaint, ¶ 30), but he has again failed to provide particularized information regarding Fidelity's state of mind. Without further specific evidence in his complaint detailing Fidelity's allegedly fraudulent intent, we must dismiss Chaikin's Illinois Consumer Fraud Act claim.

Therefore, with respect to Counts III and IV, we grant defendant's motion to dismiss. Our granting of defendant's motion to dismiss on Count IV does not require us to reach defendant's motion to strike paragraph 31 of the complaint under Federal Rule 12(f).

## CONCLUSION

For the foregoing reasons, defendant Fidelity's motion to dismiss is granted with respect to Counts III and IV and denied with respect to Counts I and II. Counts III and IV are hereby dismissed. Discovery is to proceed on Counts I and II under the supervision of Magistrate Judge Mason.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: April 29, 2003