Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6596 | **DATE** | 11/14/2003 |
| **CASE TITLE** | Chaikin vs. Fidelity & Guaranty | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, plaintiff's motion to quash subpoenae [13-1] is granted in part and denied in part. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | NOV 17 2003 | |
| | Notified counsel by telephone. | | date docketed | 17 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 11/14/2003 | |
| KF | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice KF mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IRWIN CHAIKIN, | ) |
| Plaintiff, | ) ) ) |
| | ) No. 02 C 6596 |
| v. | ) Judge Wayne R. Andersen |
| | ) |
| FIDELITY AND GUARANTY LIFE | ) Mag. Judge Michael T. Mason |
| INSURANCE COMPANY, a Maryland | ) |
| Corporation, | ) |
| | ) |
| Defendant. | ) |

**DOCKETED**

**NOV 17 2003**

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

The plaintiff, Irwin Chaikin, has moved to quash defendant Fidelity and Guaranty Life Insurance Company's ("Fidelity") subpoenae to obtain documents from five nonparty entities. Chaikin sued Fidelity for breach of contract and negligent misrepresentation in federal court based on our diversity jurisdiction. Chaikin alleges that Fidelity induced him into purchasing an annuity by misrepresenting the amount of tax-free income the annuity would generate.

Chaikin brought this motion to quash the five nonparty subpoenae arguing that they are overbroad and seek information not relevant to the case. Moreover, Chaikin argues that some of the documents requested in the subpoenae are subject to the accountant-client privilege and are thus not discoverable. For the reasons set forth below we grant in part and deny in part Chaikin's motion to quash the subpoenae.

As an initial matter, Fidelity argues that Chaikin does not have standing to object

17

to four of the five nonparty subpoenae.[1] We disagree. A party has standing to object to a subpoena directed at a nonparty when the party claims a "personal right or privilege" regarding the documents sought. *Minnesota School Boards Ass'n Ins. Trust v. Employers Ins. Co. of Wausau,* 183 F.R.D. 627, 629 (N.D.Ill. 1999). Each of the subpoenae riders requests Chaikin's individual investment and financial documents. Chaikin invariably has a personal right to some of these documents. See 9A Wright & Miller, Federal Practice and Procedure: Civil 2d § 2459, at 41 (1995 ed.). A party's personal right to its bank statements and tax returns has already been established. Therefore, it follows that a party also has a personal right to its individual investment and financial documents and Chaikin has standing to file this motion.

Because Chaikin has standing, we will now address the motion on its merits. The documents requested in the five nonparty subpoenae can be divided into the following categories: (1) all documents in the possession of the named nonparty entity relating to the valuation, purchase and tax treatment of an annuity from Fidelity for Chaikin; (2) all documents in the possession of the named nonparty entity relating in any way to the valuation, purchase and tax treatment of any other annuity, financial or insurance product evaluated, studied or considered for the benefit of Chaikin; and (3) documents referencing all contacts or communications that the named nonparty entity had with Chaikin.

Both parties agree that the first category of documents are relevant and

---

[1] Fidelity objects to Chaikin's standing to contest the subpoenae issued to Prudential Securities, Inc., Eppy Financial Group, BISYS Insurance Services and ECA Marketing, Inc. Fidelity does not contest Chaikin's standing to contest Weiss & Company LLP's subpoena.

2

discoverable. Therefore, each subpoena and rider will stand with regard to all documents relating in any way to the valuation, purchase and tax treatment of an annuity from Fidelity for Chaikin and each subpoenaed nonparty entity is ordered to produce all documents responsive to this request. This document production order is not subject to the accountant-client privilege as Chaikin alleges because at this time he has failed to provide factual allegations to support the application of the privilege to any specific documents. See *Cok v. Yellow Cab Co.*, 61 Ill.2d 416, 419-20 (Ill. 1975) (stating in the context of the attorney-client privilege that the "mere assertion that the matter is confidential and privileged will not suffice.").

The five nonparty subpoenae will be quashed as to the other two categories of documents because those requests are overbroad and not reasonablely calculated to lead to the discovery of relevant evidence. The only claims at issue in this case are breach of contract and negligent misrepresentation. We do not see how all documents in the possession of the nonparty entities regarding any annuity, financial or insurance product evaluated, studied or considered for Chaikin and every document referencing any contacts or communications with Chaikin are relevant to the instant claims. These requests are overbroad and therefore the subpoenae will be quashed as to these two categories.

For the foregoing reasons Chaikin's motion to quash subpoenae is granted in part and denied in part.

ENTER:

*Michael T. Mason*

MICHAEL T. MASON
United States Magistrate Judge

Dated: November 14, 2003